UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA ENGBRECHT, RUTH VON MEKLENBURG, EVELYN ASHKENAS, SABRINA MARTINEZ, and ELGA THAI, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>MANHATTAN HELICOPTERS LLC and ITAI SHOSHANI,<br><br>                    Defendants. | COMPLAINT<br><br>FLSA COLLECTIVE ACTION<br><br>DEMAND FOR JURY TRIAL |

1.      Plaintiffs Maria Engbrecht, Ruth Von Meklenburg, Evelyn Ashkenas, Sabrina

Martinez, and Elga Thai ("Plaintiffs"), on behalf of themselves and on behalf of all others

similarly situated, by and through undersigned counsel, allege as follows:

## INTRODUCTION

2.      This is action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.,* and is brought to remedy widespread wage and hour violations by Manhattan

Helicopters LLC and Itai Shoshani (collectively "MH" or "Defendants") that have deprived

Plaintiffs and all other current and former Customer Service Representatives employed by

Defendants of overtime and other wages to which they are entitled.  Defendants misclassified

Plaintiffs as independent contractors rather than employees and failed to pay the required wages.

3.      Under federal and New York law, employees must be paid one and one-half times

their regular rate of pay for all hours over 40 worked in a week.

4.      Under California law, non-exempt employees must be paid at one and one-half

times their regular hourly rate (overtime) for time worked in excess of eight hours in a single

day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours

1

worked in excess of 12 hours in a single day.  It also requires employers to pay their non-exempt

employees overtime compensation for the first eight hours of work done on the seventh

consecutive day of work done in any work week, and double-time compensation for any work

done beyond the first eight hours on the seventh consecutive day of work.

5.      Defendants also shifted their own costs of doing business to its workers by

requiring worked to pay their own work expenses from Plaintiffs' wages.

6.      Through the conduct described in this Complaint, Defendants have violated

federal and state law.  Accordingly, Plaintiffs bring these claims and seek unpaid compensation,

liquidated damages, reasonable attorneys' fees and costs, and all other available and appropriate

relief to which they are entitled.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant

to 28 U.S.C. § 1331.

8.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant

to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that

they form part of the same case or controversy.

9.      Defendants are subject to personal jurisdiction in New York.

10.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part

of the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

## PARTIES

11.     Manhattan Helicopters LLC is a New York corporation that owns and operates

Manhattan Helicopters located at Downtown Manhattan Heliport 6 East River Piers New York,

New York, 10004.

12.      Defendant Itai Shoshani is the owner and operator of MH.

2

13.     Upon information and belief, Defendant Shoshani exercises sufficient control of MH's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA, New York Labor Law ("NYLL") and California Labor Code ("CLC").

14.     Defendant Shoshani oversees and controls all aspects of MH's operations.

15.     Defendant Shoshani has authority to hire and fire employees at MH.

16.     Defendant Shoshani remains in constant contact with and directs MH's management team.

17.     Defendant Shoshani actively involved in scheduling, setting rates of pay, and maintaining payroll records.

18.     Plaintiff Maria Engbrecht Shaw was employed by Defendants at MH as a Customer Service Representative from approximately May 2012 until October 2017.

19.     During this time, Ms. Engbrecht was based out of California.

20.     Plaintiff Ruth Von Meklenburg was employed by Defendants at MH as a Customer Service Representative from approximately November 2011 until November 2014.

21.     During this time, Ms. Von Meklenburg was based out of California.

22.     Plaintiff Evelyn Ashkenas Shaw was employed by Defendants at MH as a Customer Service Representative from approximately January 2015 until September 2017.

23.     During this time, Ms. Ashkenas was based out of New York.

24.     Plaintiff Sabrina Martinez was employed by Defendants at MH as a Customer Service Representative from approximately March 2014 until March 2017.

25.     During this time, Ms. Martinez was based out of Montana.

26.     Plaintiff Elga Thai was employed by Defendants at MH as a Customer Service Representative from approximately October 2011 until February 2017.

27.     During this time, Ms. Thai was based out of California.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Customer Service Representatives who worked at any MH on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

29.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

30.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

31.     Plaintiffs and the putative FLSA Collective Plaintiffs shared common job duties – working as Customer Service Representatives interacting with Defendants' customers.

32.     As Customer Service Representatives, Plaintffs were required to be available at specific times to answer questions and inquiries posed by MH customers via telephone.

33.     Plaintiffs were paid between $10 and $15 per hour for their work, irrespective of how many hours they worked in a day or week.

34.     Defendants designated Plaintiffs putative FLSA Collective Plaintiffs as independent contractors.

35.     This designation was incorrect and Defendants knew that but did it in anyways in order to get out of federal and state laws governing employees.

36.     The decision to classify Plaintiffs and the putative FLSA Collective Plaintiffs as independent contractors was made centrally, and not on a person-by-person basis.

37.     Defendants exerted a great deal of control over Plaintiffs' putative FLSA Collective Plaintiffs' work.

38.     For example, Defendants required Plaintiffs and putative FLSA Collective Plaintiffs to begin to work at a certain time.

39.     Plaintiffs and the Class members were required to adhere to particular schedules which were set by Defendants and their managers.

40.     Plaintiffs could not come to and go from work as they pleased.

41.     In fact, Plaintiffs and putative FLSA Collective Plaintiffs were required to check-in when they began working and check-out when their shifts were completed.

42.     Despite working shifts that often spanned more than eight hours, Plaintiffs were not permitted to take rest breaks.

43.     Despite working shifts that often spanned more than eight hours, Plaintiffs were not permitted to take meal breaks.

44.     Defendants controlled and directed the performance of Plaintiffs' and putative

FLSA Collective Plaintiffs' work.

45. Plaintiffs and the putative FLSA Collective Plaintiffs were not in an independently established trade, occupation, profession or business.

46. Defendants provided training to Plaintiffs in order for them to be able to work for the company.

47. Plaintiffs and the putative FLSA Collective Plaintiffs were not in business for themselves, but rather depended on Defendants' business for the opportunity to render services to the long-term customers of Defendants.

48. Plaintiffs and the putative FLSA Collective Plaintiffs had no opportunity for profit or loss without Defendants.

49. Plaintiffs and the putative FLSA Collective Plaintiffs could not deal directly with Defendants' customers to offer their delivery services.

50. Plaintiffs and the putative FLSA Collective Plaintiffs were required to work for Defendants to provide this service.

51. Plaintiffs' and the putative FLSA Collective Plaintiffs' relationship with Defendants lasted for many years and was neither temporary nor sporadic.

52. Plaintiffs and the putative FLSA Collective Plaintiffs, worked full-time.

53. Plaintiffs and the putative FLSA Collective Plaintiffs regularly worked in excess of 40 weekly hours and in excess of 8 hours in a workday but did not get paid any overtime premiums.

54. Plaintiffs and the putative FLSA Collective Plaintiffs were required to have and pay for an internet connection in order to work for Defendants work.

55. Some Plaintiffs were required to have and pay for a mobile phone in order to work

6

for Defendants.

56.    Plaintiffs and the putative FLSA Collective Plaintiffs were not reimbursed for maintaining these expenses.

57.    Plaintiffs' calls with customers were often recorded by Defendants.

58.    Defendants did not provide Plaintiff Ashkenas with the notices required by NYLL § 195 and the C.L.C.

59.    Despite working shifts that often spanned more than eight hours, Plaintiffs were not permitted to take rest breaks.

60.    Despite working shifts that often spanned more than eight hours, Plaintiffs were not permitted to take meal breaks.

61.    Defendants' violations have been willful and intentional in that they had known all along that Plaintiffs and other Customer Service Representatives were employees, worked more than forty hours per week and/or in excess of 8 hours in a workday, and were thus required to be paid overtime.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**On behalf of Plaintiffs and the FLSA Collective**

62.    Plaintiffs re-allege and incorporate by reference the previous paragraphs as if they were set forth again herein.

63.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

64.    At all times relevant, Plaintiffs and the FLSA Collective members were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203(r).

65.    At all times relevant, Plaintiffs and the FLSA Collective members were or have

7

been employees within the meaning of 29 U.S.C. §§ 203(e).

66.     At all times relevant, Defendants have been employers of Plaintiffs and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 203(d).

67.     Defendants have failed to pay Plaintiffs and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours in a workweek.

68.     Based on the foregoing, Defendants' conduct in this regard was a willful violation of the Fair Labor Standards Act and entitles Plaintiffs and all other similarly situated Drivers who opt into this litigation to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**SECOND CAUSE OF ACTION**
**New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*, N.Y. Comp. Codes R. &**
**Regs. tit. 12 ("NYCRR"), § 142-2.2**
**On behalf of Plaintiff Ashkenas**

69.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

70.     At all relevant times, Defendants have been, and continue to be, employers of Plaintiffs and the Class members, and Plaintiffs and the Class members have been employees of Defendants, within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor ("NYSDOL") regulations.

71.      Plaintiff Ashkenas and the New York Class members were and are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked under the NYLL and supporting regulations.

72.     Defendants have failed to pay Plaintiff Ashkenas and the New York Class members overtime wages for hours that they worked in excess of 40 hours in a workweek.

73.     Through their knowing and intentional failure to pay Plaintiff Ashkenas and members of the New York Class overtime for hours worked in excess of 40 in a workweek, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and supporting NYSDOL regulations.

74.     Defendants failed to post, in a conspicuous place in their establishments, a notice issued by the NYSDOL summarizing minimum wage and overtime provisions, in violation of the NYLL and supporting NYSDOL Regulations including but not limited to 12 NYCRR § 142-2.8.

75.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff Ashkenas and the New York Class members have sustained damages, including

9

loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, liquidated damages, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CAUSE OF ACTION**
**New York Notice Violations, NYLL §§ 195, 198**
**On behalf of Plaintiff Ashkenas**

76.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

77.     Defendants did not provide Plaintiff Ashkenas and the New York Class members with the notices required by NYLL § 195.

78.     As a result of Defendants' unlawful conduct, Plaintiff Ashkenas and the New York Class members are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CAUSE OF ACTION**
**New York Unlawful Expenses, 12 N.Y.C.R.R. § 142-2.10(b)**
**On behalf of Plaintiff Ashkenas**

79.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

80.     Defendants have willfully reduced the wages of Plaintiffs and the members of the Class by forcing Plaintiff Ashkenas and New York Class members to pay for Defendants work expenses.  These expenses brought Plaintiffs wages below the statutorily mandated minimum hourly wage.

81.     Due to these violations, Plaintiffs and the members of the Class are entitled to recover from Defendants the reductions applied to their wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

10

**FIFTH CAUSE OF ACTION**
**For failure to pay wages due, California Labor Code §§201, 1182.12, 1194, 1194.2**
**On behalf of Plaintiffs Shaw, Von Meklengburg, Thai (the "California Plaintiffs")**

82.     The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

83.     At all relevant times, Defendants failed and refused to pay  the California Plaintiffs and California Class members wages earned and required by 8 Code of Regulations §11040, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay California Plaintiffs and California Class members the requisite minimum wage for all hours worked, and failed to pay California Plaintiffs the overtime premium wages for hours worked beyond 8 per day or 40 per week.

84.     As alleged herein, the California Plaintiffs and California Class members were not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

85.      The California Plaintiffs and California Class members have been deprived of their rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**For failure to pay overtime compensation**
**California Labor Code §§510, 1194, 1194.2**
**On behalf of the California Plaintiffs**

86.     The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

87.     Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a

single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day.  It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

88.     Labor Code §558(a) requires that any person acting on behalf of an employer who violates, or causes to be violated, overtime rules pay a civil penalty in the amount of $50 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  In addition, for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

89.     At all relevant times, Defendants required the California Plaintiffs and California Class members to work more than 8 hours per day and/or more than 40 hours per workweek.

90.     At all relevant times, Defendants failed and refused to pay the California Plaintiffs and California Class members all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

91.     As alleged herein, the California Plaintiffs and California Class members are not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

92.     In addition to the above withheld overtime wages, Plaintiff is entitled to civil penalties in this amount stated above based upon Defendants' underpayment of overtime wages. Defendants violated Labor Code §558 on each of the past pay periods, the first of which

Defendants are penalized $50.00, and the remainder of which Defendants are penalized $100.00 each, for a total due in Labor Code §558 penalties of $111,100.00.

93.     The California Plaintiffs and California Class members have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  The California Plaintiffs and California Class members are entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

94.     In addition, pursuant to Labor Code §1194.2, the California Plaintiffs and California Class members are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid in the amounts set forth above, and interest thereon.

### SEVENTH CAUSE OF ACTION
#### For failure to indemnify for necessary business expenses
#### California Labor Code §2802
#### On behalf of the California Plaintiffs

95.     The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

96.     Pursuant to Labor Code §450(a), "no employer…may compel or coerce any employee. . . to patronize his or her employer, or any other person, in the purchase of any thing of value."

97.     Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

98.     The California Plaintiffs and California Class members were required by Defendants to expend his personal funds because of the duties required by Defendants, as alleged hereinabove.

99.     Pursuant to Labor Code §2802(a), Defendants are legally required to reimburse the California Plaintiffs and California Class members for all necessary expenditures incurred in the performance of her duties.

100.    Defendants have failed and refused to reimburse the California Plaintiffs and California Class members for all necessary business expenditures, including but not limited to charges for internet service and mobile phone charges.

101.    As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2502(a), the California Plaintiffs and California Class members  are entitled to recover from Defendants the unpaid balance of all of the necessary aforementioned expenditures.

102.    As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2502(a), the California Plaintiffs and California Class members  have been damaged in an amount according to proof at the time of trial, but estimated as follows: Defendants failed to reimburse the California Plaintiffs and California Class members approximately $100 to $250 per month throughout their employment.

103.    Pursuant to Labor Code §2802(b), Plaintiff requests that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which Plaintiff incurred the necessary expenditure or loss.

104.    Pursuant to Labor Code §2802(c), Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees and costs incurred in this action.

**EIGHTH CAUSE OF ACTION**
**For failure to provide meal and rest breaks**
**California Labor Code §§226.7, 512**
**On behalf of the California Plaintiffs**

105.    The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106.    Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

107.    Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked in excess of four hours.

108.    In the four years preceding this action, the California Plaintiffs and California Class members regularly worked in excess of five hours per day, and was thereby entitled to take uninterrupted 30-minute meal periods and 10-minute rest periods on each day of work.

109.    At all relevant times, Defendants failed and refused to provide the California Plaintiffs and California Class members with meal and rest periods during his work shifts, and failed to compensate Plaintiffs and Class members for missed meal rest periods, as required by Labor Code §§226.7 and 512 and the applicable sections of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001.

110.    As alleged herein, the California Plaintiffs and California Class members  are not exempt from the meal and rest breaks requirements of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001.  Consequently, Plaintiffs/Class members are owed one hour of pay at his regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that he was denied such meal periods, and is owed one hour of pay at his regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that he was denied such rest periods.

111.    The California Plaintiffs and California Class members have been deprived of their rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

112.    Plaintiff is entitled to recover such amounts pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

**NINTH CAUSE OF ACTION**
**For failure to furnish wage and hour statements**
**California Labor Code §§226 et seq.**
**On behalf of the California Plaintiffs**

113.    The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

114.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions, and net wages earned. An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50 in civil penalties for the initial pay period in which a violation occurred, and $100 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00.  Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

115.    In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250 civil penalty for the initial pay period in which a violation occurred, and $1,000 per employee for each subsequent pay period, with no maximum.

116.    At all relevant times, Defendants failed to provide the California Plaintiffs and California Class members with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address

of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each

pay period and the corresponding number of hours worked at each hourly rate by Plaintiffs/Class

members.

117.    As alleged herein, the California Plaintiffs and California Class members are not

exempt from the requirements of Labor Code §226.

118.    This failure has injured the California Plaintiffs and California Class members, by

misrepresenting and depriving him of hour, wage, and earnings information to which he is

entitled, causing him difficulty and expense in attempting to reconstruct time and pay records,

causing him not to be paid wages he is entitled to, causing him to be unable to rely on earnings

statements in dealings with third parties, eviscerating his right under Labor Code §226(b) to

review itemized wage statement information by inspecting the employer's underlying records,

and deceiving him regarding her entitlement to overtime, meal period, and rest period wages.

Plaintiff was paid in cash daily, and would receive false paystubs with inaccurate information

every other week.  For the time periods that Plaintiffs/Class members were not provided with

paystubs at all, his aforementioned injuries are presumed as a matter of law.

119.    Based on Defendants' conduct as alleged herein, Defendants are liable for

damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor

Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

**TENTH CAUSE OF ACTION**
**For waiting time penalties**
**California Labor Code §§201-203.**
**On behalf of the California Plaintiffs**

120.    The California Plaintiffs reallege and incorporate by reference all allegations in all

preceding paragraphs.

121.    At all relevant times, Defendants failed to pay all of the California Plaintiffs' and California Class members' accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required.  These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiffs during the term of their employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

122.    As alleged herein, the California Plaintiffs and California Class members are not exempt from the requirements of Labor Code §§201-203.

123.    As a direct and proximate result of Defendants' willful failure to pay these wages, the California Plaintiffs and California Class members are entitled to payment of his minimum and overtime wages and meal and rest period penalties as previously pleaded herein.

## ELEVENTH CAUSE OF ACTION
### For Unfair Competition
### Business & Professions Code §§17200, et seq.
### On behalf of the California Plaintiffs

124.    The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

125.    Defendants' violations of 8 Code of Regulations §11040, Industrial Welfare Commission Order No. 4-2001, Labor Code §§201, 203, 226, 226.7, 450, 510, 512, 1182.12, 1194, 1194.2, 1197, 2802, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages and overtime wages; Defendants' failure to provide meal and rest breaks; Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, Defendants' failure and refusal to indemnify employees for necessary expenses; and Defendants' failure to maintain complete and accurate payroll records for the

18

employees, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

126.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of the California Plaintiffs and California Class members and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiffs/Class members.

127.    Defendants' unfair business practices entitle the California Plaintiffs and California Class members to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiffs/Class members the overtime compensation and other monies and benefits unlawfully withheld from him.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

a.    Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b.    Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

c.    Designation of Plaintiffs as Class Representatives;

d.    A declaratory judgment that the practices complained of herein are unlawful under state and federal law;

e.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

f.    Penalties available under applicable law;

g.    Restitution;

h.    Pre-Judgment and Post-Judgment interest, as provided by law;

i.    Costs of action incurred herein, including expert fees;

j.    Attorneys' fees including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663

and other applicable statutes;; and

k.    Such other injunctive and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to

which they have a right to a jury trial.

Dated: March 27, 2018
       New York, NY

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Telephone: (212) 688-5640
Facsimile: (212) 688-2548

*Attorneys for the Named Plaintiffs, proposed*
*FLSA Collective Plaintiffs, and proposed Class*
*Members*