# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA ENGBRECHT, RUTH VON
MEKLENBURG, EVELYN ASHKENAS,
SABRINA MARTINEZ and ELGA THAI, on
behalf of themselves and others similarly situated

                Plaintiffs,

v.

MANHATTAN HELICOPTERS LLC and ITAI
SHOSHANI

                Defendants.

18-CV-02731 (DCF)

---

## SETTLEMENT AGREEMENT AND RELEASE

      **WHEREAS,** Maria Engbrecht, Ruth Von Meklenburg, Evelyn Ashkenas, Sabrina Martinez, and Elga Thai ("Plaintiffs"), commenced an action against Manhattan Helicopters, LLC, and Itai Shoshani (collectively hereinafter referred to as "Defendants") on March 27, 2018, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), bearing Case Number 18-CV-2731 (hereinafter, the "Action") and alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), California Labor Code ("CLC") and related regulations;

      **WHEREAS,** Plaintiffs and Defendants (collectively hereinafter referred to as the "Parties") desire to fully and finally resolve and settle in full all claims, asserted or unasserted, that Plaintiffs have, had, or may have against Defendants, by way of this Settlement Agreement and Release ("Agreement"); and

      **WHEREAS,** Plaintiffs' counsel of record in the Action and Defendants' counsel have negotiated in good faith to reach a settlement that is acceptable to the Parties and that constitutes a reasonable compromise of Plaintiffs' claims, Defendants' defenses, and the *bona fide* dispute between the Parties.

      **NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiffs and Defendants agree as follows:

1.    **Payment/Consideration/Taxes.**

      (a)   For and in consideration of the promises of Plaintiffs set forth in this Agreement, including but not limited to the Release (as defined below), and subject to the receipt of an executed copy of this Agreement, an executed copy of the

        Stipulation and Order of Dismissal in the form attached hereto as Exhibit A, and an order by the Court approving the terms of the Agreement and dismissing the Action with prejudice, Defendants agree to pay Plaintiffs the sum of Seventy Five Thousand Dollars and Zero Cents ($75,000.00) (the "Settlement Sum") in full and final satisfaction of all issues between the Parties, including attorneys' fees, liquidated damages, and interests.

(b)    The Settlement sum will be apportioned as follows:

    i.    $ 15,840.08 payable to Plaintiff Engbrecht;

    ii.   $ 5,781.21 payable to Plaintiff Von Meklenburg;

    iii.  $ 4,157.75 payable to Plaintiff Ashkenas;

    iv.  $ 609.31 payable to Plaintiff Martinez;

    v.   $ 23,246.23 payable to Plaintiff Thai;

    vi.  $ 24,817.29 payable to Joseph & Kirschenbaum LLP ("JK") for attorneys' fees; and

    vii.  $ 548.13 payable to Joseph & Kirschenbaum LLP ("JK") for attorneys' costs.

(c)    Defendants shall pay the full Settlement Sum to Plaintiffs' counsel, JK. All settlement checks shall be delivered to Joseph & Kirschenbaum LLP at 32 Broadway, Suite 601, New York, NY 10004.

(d)    JK shall distribute the Settlement Sum to each Plaintiff and pay themselves in the amounts set forth in Section 1(b)(i)-(vii) above.

(e)    All payments to Plaintiffs and JK shall be reported on IRS Forms 1099.

(f)    Defendants shall deliver the Settlement Sum to counsel for Plaintiffs within fifteen (15) days of the Court's full dismissal of the Action with prejudice.

(g)    Plaintiffs' counsel and Defendants' counsel do not intend for this Agreement to constitute legal advice regarding the tax consequences of these payments. To the extent that this Agreement, or any of its attachments, are interpreted to contain or constitute legal advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties. Plaintiffs agree that they have not relied on any advice from Defendants or their attorneys concerning the tax consequences of the payments made pursuant to this Agreement, but are relying on their own judgment and the advice of their own counsel in this matter. Plaintiffs expressly acknowledge and warrant that they are, and shall be, responsible for all federal, state, and local tax liabilities attributable to them that

2

may result from the payments under this Agreement, and Plaintiffs hereby warrant that Defendants shall bear no responsibility for any such tax liabilities. Plaintiffs further agree to hold Defendants harmless to the full extent of any such liabilities, payments, or costs, including taxes, interest, and penalties (except such liabilities, payments, or costs relating to employer payroll tax contributions) that may be assessed against or incurred by Defendants resulting from any Plaintiffs' failure to pay taxes owed for payments under this Agreement. Plaintiffs agree that, should any tax liability arise or accrue to Plaintiffs under local, state, or federal tax law as a result of any Plaintiffs' failure to pay taxes for payments made under this Agreement, that Plaintiff will pay any and all such finally determined obligations without seeking indemnity or reimbursement from Defendants.

(h) Plaintiffs assume full responsibility for their respective portions of the Settlement Payment that are taxed as IRS Form 1099 payments and any and all federal, state, and local taxes or contributions that may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or local law of any kind, with respect to the monies paid by Defendants as IRS Form 1099 payments to Plaintiffs pursuant to this Agreement. Indeed, although the Parties believe, in good faith, that the tax treatment of the Settlement Payment is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency, or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment, or liable for interest or penalties related thereto, then that Plaintiff agrees to hold Defendants harmless for any such liability.

2. **Release.**

For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Sum, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs on their own behalf and on behalf of each of them and Plaintiffs heirs, assigns, agents, executors, trustees, descendants, ancestors, dependents, administrators and successors, and each of them (collectively, "Releasors") hereby fully and forever release, relieves, waives, relinquishes, and discharges Defendants and Defendants' predecessors, successors, subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), affiliates, divisions, joint ventures, related entities and persons, assigns, agents, heirs, executors, administrators, and attorneys, and all of their past and present directors, officers, partners, shareholders, members, representatives, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy, in both their individual and representative capacities (collectively, "Releasees"), with respect to and from any and all claims, demands, assistance, support, rights, liens, agreements, contracts, covenants, actions, suits, rights to appeal, entitlements and notices, causes of action, torts, obligations, debts, costs, expenses, interests, attorneys' fees, costs, contributions, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether known or unknown, suspected or unsuspected, asserted or unasserted, and whether or not concealed or hidden, which Releasors have had at any time heretofore owned or held against the Releaseesarising out of or in any way connected with

3

Plaintiffs' independent contractor services and/or employment relationship with any of the Releasees, Plaintiffs' termination or any other transactions, occurrences, actions or omissions or any loss, damage or injury whatever, known or unknown, suspected or unsuspected, committed or omitted, prior to the date of this Agreement, and including, without limitation, claims for breach of contract, wages and benefits, overtime wages or pay, commissions, vacation pay, sick time pay, libel, slander, wrongful discharge, intentional infliction of emotional harm, or other tort, or discrimination or harassment based upon any federal, state, or municipal statute or local ordinance relating to discrimination in employment, claims for alleged discrimination under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (ADEA), the New York Labor Law, the New York Executive Law, The New York City Human Rights Law, New York Wage Orders, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. (ERISA), N.Y. Code of Rules and Regulations, the California Labor Code, or common law and any other claims under federal, state, or local law, including any claims for liquidated damages, attorneys fees, or costs. The Releasors acknowledge that, inasmuch as this Agreement settles a federal court action the payments called for in this Agreement shall be deemed to be made under the supervision of the court.

**3.    Non-Admission.**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached any agreement, or committed any wrongdoing whatsoever, and Plaintiffs expressly acknowledge that Defendants have denied and continue to deny any wrongdoing arising out of Plaintiffs' independent contractor relationship with Defendants and/or employment and separation thereof as well as any liability to Plaintiffs or to anyone else. Indeed, Defendants have denied and continue to deny that Plaintiffs were their employees. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of the Action, or in a proceeding to enforce the terms of this Agreement.

**4.    Attorneys' Fees.**

Except as otherwise specifically set forth herein, Plaintiffs and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation, including the fees, costs and disbursements incurred in negotiating and preparing this Agreement and obtaining the dismissal of the Action with prejudice. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

**5.    Important Acknowledgments.**

Plaintiffs acknowledge that they were represented by counsel of their choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement, have reviewed the terms of this Agreement, had the opportunity to confer with their legal counsel, Joseph & Kirschenbaum LLP, in order to obtain advice with respect to the terms of this Agreement, had the opportunity to

consider their legal counsel's advice with respect to the Agreement, fully understand the terms of the Agreement, are entering into this Agreement of their own free will and accord after consultation with legal counsel, and are signing the Agreement knowingly and voluntarily.

It is understood and agreed that the Settlement Sum and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the monies received by Plaintiffs and referenced herein, is a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked. The Parties represent and warrant that the Settlement Sum is fair and reasonable. The Parties represent and warrant that the attorneys' fees portion of the Settlement Sum is fair and reasonable.

### 6. Oral Modifications Prohibited.

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 7. Choice of Law/Venue.

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction. Venue for any dispute between the Parties shall lie in the United States District Court for the Southern District of New York. However, if the Court should refuse or decline to accept jurisdiction for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York.

### 8. Stipulation of Dismissal and Settlement Approval.

For and in consideration of the promises of Defendants set forth in this Agreement, the receipt and sufficiency of which Plaintiffs hereby acknowledge, Plaintiffs agree: (1) to dismiss, or cause to be dismissed, the Action with prejudice; and (2) not to re-file the causes of action asserted in the Action or any other causes of action against Defendants arising prior to the Effective Date of this Agreement (as defined below). To that end, the Parties and/or their attorneys shall sign the Stipulation and Order of Dismissal annexed hereto as Exhibit A. Upon execution of this Agreement, Plaintiffs shall submit the Agreement together with the Stipulation and Order of Dismissal to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute over provisions of the FLSA and/or time worked.

### 9. Effective Date.

This Agreement shall become effective only and immediately upon execution of all Parties and approval by the Court.

### 10. Headings.

The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

### 11. Counterparts.

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which shall constitute one (1) Agreement.

### 12. Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

### 13. Severability.

The invalidity or unenforceability of any provision(s) of this Agreement (other than Section 3) shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect. In the event that a court of competent jurisdiction determines that Section 3 is invalid or unenforceable, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

### 14. Status of Settlement if Case Is Not Ultimately Dismissed.

In the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

### 15. Interpretation/Jointly Drafted Agreement.

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties' respective attorneys; it shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

**16.     No Other Representations or Agreements; Entire Agreement.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties and supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This Agreement is an integrated document.

**17.     Knowing and Voluntary Release of Claims.**

Plaintiffs acknowledge that they:

A.     have carefully read and fully understand all of the provisions of this Agreement;

B.     understand that all of the consideration that they are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause them to sign it.

C.     are, through this Agreement, releasing Defendants and Releasees from the claims that Plaintiffs may have against them relating to Plaintiffs' independent contractor services and/or employment with Defendants, or Plaintiffs' separation from independent contractor services and/or employment with Defendants;

D.     knowingly and voluntarily agree to all of the terms set forth in this Agreement;

E.     knowingly and voluntarily intend to be legally bound by this Agreement;

F.     were advised to consult with counsel, and, in fact, have consulted with counsel, prior to executing this Agreement;

G.     are signing this Agreement knowingly, voluntarily, and without any coercion or duress;

H.     are duly authorized and have full authority to execute this Agreement;

I.     have not previously transferred, assigned or conveyed any right or claim released in this Agreement;

**18.     Revocation.**

Plaintiffs understand and agree that they have a period of seven (7) days following the signing of this Agreement to revoke it. Plaintiffs understand that, in the event that they revoke

7

this Agreement, the entire Agreement shall be null and void and of no force or effect on either party, and, therefore, Defendants will not be under any obligation to make the payments set forth above. In order to revoke this Agreement, Plaintiff must sign a written notice of the decision to do so and send it to Mintz & Gold LLP c/o Jeffrey D. Pollack 600 Third Avenue 25th Floor New York, New York 10016, and the written notice must be received by Defendants no later than the eighth day after that Plaintiff signed this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

*[Signed: Maria Engbrecht]*
Maria Engbrecht
Date: December 7, 2018

*[Signed: Ruth Von Meklenburg]*
Ruth Von Meklenburg
Date: 12/10/2018, 2018

*[Signed: Evelyn Ashkenas]*
Evelyn Ashkenas
Date: 12/10/18, 2018

*[Signed: Sabrina Martinez]*
Sabrina Martinez
Date: 12/7/2018, 2018

*[Signed: Elga Thai]*
Elga Thai
Date: 12/9/2018, 2018

Manhattan Helicopters, LLC,
By: _____
Title: _____
Date: _____, 2018

Itai Shoshani
Date: _____, 2018

8

this Agreement, the entire Agreement shall be null and void and of no force or effect on either party, and, therefore, Defendants will not be under any obligation to make the payments set forth above. In order to revoke this Agreement, Plaintiff must sign a written notice of the decision to do so and send it to Mintz & Gold LLP c/o Jeffrey D. Pollack 600 Third Avenue 25th Floor New York, New York 10016, and the written notice must be received by Defendants no later than the eighth day after that Plaintiff signed this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

_____          Date: _____, 2018
Maria Engbrecht

_____          Date: _____, 2018
Ruth Von Meklenburg

_____          Date: _____, 2018
Evelyn Ashkenas

_____          Date: _____, 2018
Sabrina Martinez

_____          Date: _____, 2018
Elga Thai

_____          Date: __12/6/2018__, 2018
Manhattan Helicopters, LLC,
By: _____
Title: Member

_____          Date: __12/6/2018__, 2018
Itai Shoshani

8

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA ENGBRECHT, RUTH VON MEKLENBURG, EVELYN ASHKENAS, SABRINA MARTINEZ and ELGA THAI, on behalf of themselves and others similarly situated

Plaintiffs,

v.

MANHATTAN HELICOPTERS LLC and ITAI SHOSHANI

Defendants.

18-CV-02731 (DCF)

---

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs or attorneys' fees to any party against any other. This Stipulation may be filed with the Court without further notice to any party. This Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

Dated: New York, New York
December 11, 2018

For the Plaintiffs:

**JOSEPH & KIRSCHENBAUM LLP**

By: _____
Josef Nussbaum
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, New York 10004

For the Defendants:

**MINTZ & GOLD LLP**

By: _____
Ryan W. Lawler
Jeffrey Pollack
600 Third Avenue, 25th Floor
New York, NY 10016

**So Ordered**

_____
Hon. Debra C. Freeman (U.S.M.J.)